# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS DEAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 16-2552-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
### DENYING CERTIFICATE OF APPEALABILITY
### CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
### AND
### DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Marcus Dean ("Dean"), Bureau of Prisons register number 24324-076, an inmate at FCI Memphis in Memphis, Tennessee (§ 2255 Motion, ECF No. 1). For the reasons stated below, Dean's § 2255 Motion is **DENIED**.

## BACKGROUND

On September 29, 2010, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Dean with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of knowingly using and carrying a firearm in relation to a crime of violence, to wit the robbery, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). On September 15, 2011, the Court accepted Dean's change of plea as a part of a plea bargain with the United States. The Court

sentenced Lee to a total term of incarceration of 320 months to be followed by three years' supervised release on December 15, 2011. (*See* Judgment, ECF No. 35.) Dean appealed, and the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment on November 21, 2012.

Dean filed his § 2255 Motion on July 6, 2016, arguing that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dean argues that the Supreme Court's holding in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally void for vagueness renders invalid his conviction under § 924(c). Dean does not actually claim that the Court sentenced him under the ACCA's residual clause. Dean argues instead that § 924(c)(3)(A) defining a "crime of violence" contains the same language found in the ACCA's residual clause and that after *Johnson*, § 924(c)(3)(A) is unconstitutionally vague.

Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Dean's claim under *Johnson v. United States*. On February 17, 2017, the probation officer submitted a memorandum to the Court, recommending that Dean was not entitled to any relief under *Johnson*.

## STANDARD OF REVIEW

Dean seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[2] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[3] The petitioner is then entitled to reply to the government's response.[4] The habeas court may also direct the parties to provide additional information relating to the motion.[5] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[6]

## **ANALYSIS**

The Court holds that Dean is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[3] *Id*.

[4] Rule 5(d), Section 2255 Rules.

[5] Rule 7, Section 2255 Rules.

[6] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[7] The ACCA increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[8] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[9] The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[10] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

---

[7] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[8] *Id.* (citing 18 U.S.C. § 924(e)(1)).

[9] 18 U.S.C. § 924(e)(2)(B)

[10] *Johnson*, 135 S. Ct. at 2257.

*Johnson* affords Dean no relief because the Court did not sentence Dean under the ACCA's residual clause. In fact, the Court did not sentence Dean under the ACCA at all. Dean argues that *Johnson* somehow reaches the statutory definition of a "crime of violence" as 18 U.S.C. § 924(c) uses that phrase. Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of violence" is a felony offense that

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[11]

Dean seems to argue by analogy that § 924(c)(3)(A) and its use of the phrase "the use, attempted use, or threatened use of physical force" is unconstitutionally vague, just as the ACCA's residual clause and its use of the phrase "serious potential risk of physical injury to another" was found to be unconstitutionally vague.

The Sixth Circuit recently considered and rejected a nearly identical argument in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016.) The Court of Appeals concluded that "several factors distinguish the ACCA residual clause from § 924(c)(3)(B)."[12] Specifically, *Taylor* noted that "the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury."[13] And unlike § 924(c)(3)(B), the Supreme Court had grappled for some time with "a confusing set of examples" and "coming up with a coherent

---

[11] 18 U.S.C. § 924(c)(3).

[12] *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016).

[13] *Id.*

way to apply the [ACCA's residual] clause" and "reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause."[14] The Sixth Circuit also noted that *Johnson*'s holding was carefully limited to "the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B)."[15] The Court holds that although Taylor address § 924(c)(3)(B), the reasoning adopted by the Sixth Circuit clearly applies to § 924(c)(3)(A). As such, *Taylor* forecloses Dean's argument that § 924(c)(3)(A) is void for vagueness. Because *Taylor* controls the only issue Dean raises in support of his § 2255, Dean's §2255 Motion must be **DENIED**.

## II. Appeal Issues

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[16] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[17] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[14] *Id.*

[15] *Id.*

[16] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[17] 28 U.S.C. §§ 2253(c)(2) & (3).

encouragement to proceed further."[18] A COA does not require a showing that the appeal will succeed.[19] Courts should not issue a COA as a matter of course.[20]

In this case, for the reasons previously herein and in the previous order of the Court, the issues raised by Dean in support of his § 2255 Motion lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[21] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[22] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[23] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

---

[18] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[19] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[20] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[21] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[22] *Id.* at 952.

[23] *See* Fed. R. App. P. 24(a)(1).

otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[24]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[25]

## CONCLUSION

Dean's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies Dean a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date: March 16, 2017.

---

[24] *See* Fed. R. App. P. 24(a) (4)-(5).

[25] If Dean files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.